UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
231 EAST 111th STREET LLC,

                          Plaintiff,

            -against-

KENNETH BIRNBAUM DOING BUSINESS AS
ARI PROPERTY 231 LLC,

                          Defendant.
-------------------------------------------------------------------X

**COMPLAINT**
**AND JURY DEMAND**

Plaintiff, 231 EAST 111th STREET LLC ("Plaintiff" or "231 EAST"), by its attorneys, Cox Padmore Skolnik & Shakarchy LLP, as and for its Complaint against the Defendant, KENNETH BIRNBAUM DOING BUSINESS AS ARI PROPERTY 231 LLC ("Defendant" or "Birnbaum"), states as follows:

    1.    This action is commenced as a result of the Defendant's refusal to close a transaction for the purchase of real property located at 231 East 111th Street, New York, New York identified in the New York City Tax Map as Block 1661, Lot 15 ("Property").

## THE PARTIES

    2.    231 EAST is a limited liability company organized under the laws of the State of New York with its primary place of business in New York.

    3.    231 EAST has three members, Farzad Shahery, a citizen of the State of New York, Shaw Shahery, a citizen of the State of California, and Gary Graf, a citizen of the State of New York.

    4.    Upon information and belief, at all relevant times hereinafter mentioned,

1

defendant Birnbaum is an individual and a citizen of the State of New Jersey.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. §1332(a)(1).

6. The amount in controversy exceeds $75,000.00.

7. Venue is proper in the Southern District of New York under 28 U.S.C. §1391(b)(2) because the Property and the events underlying this action took place within the Southern District of New York.

## FACTS COMMON TO ALL CAUSES OF ACTION

8. A contract for the sale and purchase of the Property was entered into on August 3, 2023 (the "Contract").

9. The Contract identifies Plaintiff as the "Seller" and Ari Property 231 LLC as the "Purchaser." At the time the Contract was executed, Birnbaum, as the purported sole member of Ari Property 231 LLC, executed the Contract on behalf of Ari Property 231 LLC.

10. However, unbeknownst to Plaintiff, Ari Property 231 LLC was not in existence on the date the Contract was executed.

11. Articles of Organization for Ari Property 231 LLC were not filed with the New York State Department of State until November 22, 2023, over three and half months after the execution of the Contract.

12. Because Ari Property 231 LLC was not in existence on the date the Contract was executed, Birnbaum is personally and individually liable for the performance of Purchaser's obligations under the Contract.

13. The Contract provides that the closing of the transaction for the sale of the

Property was to occur on October 2, 2023 in the offices of Cox Padmore Skolnik & Shakarchy LLP, located at 630 Third Avenue, 23rd Floor, New York, NY 10017.

14. By letter dated September 27, 2023, Defendant, purportedly on behalf of the Purchaser, issued a notice that was sent to Plaintiff, pursuant to the terms of the Contract, adjourning the closing date for thirty (30) days to November 1, 2023 ("Defendant's Notice of Closing").

15. By letter dated October 20, 2023, Plaintiff issued a notice that was sent to Defendant, pursuant to the terms of the Contract, adjourning the closing date by thirty (30) days to December 1, 2023 ("Plaintiff's Notice of Closing").

16. Plaintiff's Notice of Closing provided that the closing of the transaction for the sale of the Property was to occur in the offices of Cox Padmore Skolnik & Shakarchy LLP, located at 630 Third Avenue, 23rd Floor, New York, NY 10017 at 10:30 a.m.

17. The Contract provides that "TIME IS OF THE ESSENCE FOR PURCHASER TO CLOSE ON THE CLOSING DATE AS SAME MAY BE ADJOURNED HEREUNDER."

18. Under the terms of the Contract, Defendant deposited $180,000.00 as down payment for the purchase of the Property (the "Deposit").

19. Under the terms of the Contract, the Deposit is held in an IOLA account maintained by the escrow agent, Cox Padmore Skolnik & Shakarchy LLP.

20. Under the terms of the Contract, in event of the default by Defendant in fulfilling the terms of the Contract, including failing to close the transaction on the closing date as adjourned, Plaintiff is entitled to retain the Deposit as liquidated damages.

21. On December 1, 2023, the Plaintiff appeared at the time and place set forth in

the Plaintiff's Notice of Closing and delivered a deed and all ancillary documentation for the closing of title to the Property.

22. On December 1, 2023, the Plaintiff was ready, willing and able to transfer title to the Property.

23. On December 1, 2023 Defendant did not appear at the time and place set forth in the Plaintiff's Notice of Closing to close the transaction.

24. On December 1, 2023, Defendant did not pay the balance of the purchase price at the closing of the transaction for the Property.

25. At no time prior to or after December 1, 2023, did the Defendant seek an adjournment of the closing of the transaction.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

26. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "25" of this Complaint with the same force and effect as if set forth at herein at length.

27. In compliance with the terms of the Contract, Plaintiff scheduled a closing of the transaction for December 1, 2023.

28. The Contract provides that TIME IS OF THE ESSENCE when the closing of the transaction is scheduled.

29. On December 1, 2023, Plaintiff appeared for the closing of the transaction, ready willing and able to deliver and transfer title to Property to Defendant at the time and place set forth in the Notice of Closing.

30. Defendant defaulted under the terms of the Contract by failing to appear at the time and place in Plaintiff's Notice of Closing for the closing of the transaction to complete the purchase and sale of the Property.

31. Defendant defaulted under the terms of the Contract by failing to deliver the balance of the purchase price for the Property at the time and place set forth in the Plaintiff's Notice of Closing.

32. Defendant breached the Contract and is in default under of the terms of the Contract by refusing to close the transaction.

33. Plaintiff fully performed under the terms of the Contract.

34. As a result of the Defendant's breach and default under the terms of the Contract, Plaintiff is entitled to an award of liquidated damages in the amount of $180,000.00, plus interest, costs, and attorneys' fees.

35. As a result of Defendant's breach and default under the terms of the Contract, Plaintiff is entitled to judgment directing the escrow agent, Cox Padmore Skolnik & Shakarchy LLP, to release and deliver the Defendant's Deposit in the amount of $180,000.00 to Plaintiff.

**WHEREFORE,** Plaintiff demands entry of judgment against Defendant as follows:

A. awarding Plaintiff liquidated damages in the amount of $180,000.00 plus interest, costs, and attorneys' fees;

B. directing escrow agent Cox Padmore Skolnik & Shakarchy LLP to release and deliver the $180,000.00 Deposit being held in escrow to Plaintiff; and

C. such other and further relief as this Honorable Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
January 9, 2024

                COX PADMORE SKOLNIK &
                SHAKARCHY, LLP

By: _____
    Stefan B. Kalina (SK-8535)
Attorneys for Plaintiff
231 EAST 111th STREET LLC
630 Third Avenue, 23rd Floor
New York, New York 10017
Phone: (212) 953-6633
Fax:   (212) 949-6943
E-Mail: kalina@cpsslaw.com